# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4517 - (MDL 1403) | **DATE** | 10/2/2002 |
| **CASE TITLE** | Paradise Foods, Inc. et al. Vs. Aventis CropScience etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiffs have now moved to remand the case to the Circuit Court of Jones County, Mississippi. That motion is granted, but the remand will be stayed for 30 days, until November 1, 2002, for the reasons we will hereafter explain. Defendants may file an additional memorandum by October 17, 2002, and plaintiffs may respond by October 24, 2002. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | OCT 03 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | MDL No. 1403 |
| This document is applicable to: | |
| PARADISE FOODS, INC., et al., | |
| Plaintiffs, | |
| vs. | No. 02 C 4517 |
| AVENTIS CROPSCIENCE USA HOLDING, et al., | |
| Defendants. | |

DOCKETED
OCT 0 3 2002

## MEMORANDUM OPINION AND ORDER

There is no doubt that plaintiffs carefully constructed the array of named plaintiffs so as to seek to avoid federal diversity jurisdiction, but they can successfully do so if one named non-diverse plaintiff can plead a respectable claim against the defendants. Three of the plaintiffs are non-diverse. They are Paradise Foods II, Inc., John O'Brien and Tricon Global Restaurants, Inc. Defendants removed, claiming that all three are fraudulently joined. Plaintiffs have now moved to remand the case to the Circuit Court of Jones County, Mississippi. That motion is granted, but the remand will be stayed for 30 days, until November 1, 2002, for the reasons we will hereafter explain.

At this time we look solely to the claim by John O'Brien, which is that he, as a Taco Bell franchisee, suffered damage (as did other Taco Bell franchisees) because of actionable conduct or lack of conduct by the various defendants. Defendants do question the appropriateness of

a franchise located in Delaware suing in Mississippi, but we are given no reason why a plaintiff may not sue a defendant wherever that defendant may be amenable to suit. Perhaps Mississippi law does not, as a procedural matter, permit the joinder, but that does not negate the sufficiency of the claim. If the Delaware franchise is severed by the Mississippi court, then defendants can try again. *See* Agrella v. Great American Insurance Companies, 1999 WL 1101319 (N.D. Ill.); Crenshaw, M.D. v. Sutherland, 1993 WL 610763 (N.D. Tex.).

Apparently recognizing that a procedural argument would not carry the day, defendants do not refer to it in response to plaintiffs' renewed motion to remand. Instead, they contend that O'Brien is not the owner of the franchise located in Delaware. Rather, they argue, O'Brien sold his interest to ROS, L.L.C., in November 1999. But does that make a difference? We think not. Another document included as an exhibit by defendants discloses that ROS., L.L.C., is a Delaware limited liability company with its principal place of business in Delaware, and that O'Brien is a member. If that company were substituted as the plaintiff on the assumption that it, rather than O'Brien, was technically the owner of the franchise (which plaintiffs dispute, but we need not decide who is right) it would still appear to defeat diversity.

Perhaps a limited liability company under Delaware law is akin to a regular corporation, in which case ROS, L.L.C., would be a citizen of Delaware. Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314 (7th Cir. 1998). More likely, though, it is akin to limited liability companies in other states, and the citizenship of its members controls. *See* Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998). Since O'Brien is a member and a Delaware citizen, that membership would make ROS, L.L.C., non-diverse. Either way, O'Brien as franchisee

or ROS, L.L.C., as franchisee, it would appear that this court lacks subject matter jurisdiction. Since, however, we have used an analysis not discussed by the parties, we think it advisable to entertain a further expression of views before the remand is effective. Defendants may file an additional memorandum by October 17, 2002, and plaintiffs may respond by October 24. 2002.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 2, 2002.