# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4517 - (MDL 1403) | **DATE** | 11/6/2002 |
| **CASE TITLE** | Paradise Foods, Inc. et al. Vs. Aventis CropScience etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion for reconsideration of the remand order is denied.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 1403 |
| This document is applicable to: | ) ) | |
| PARADISE FOODS, INC., et al., | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 02 C 4517 |
| AVENTIS CROPSCIENCE USA HOLDING, et al., | ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
NOV 07 2002

## MEMORANDUM OPINION AND ORDER

Defendants concede that ROS, L.L.C. (ROS), if properly joined as a plaintiff, would destroy diversity. They argue, instead, that John O'Brien had no interest in the dispute when the case was filed and should never have been joined, that it is too late for ROS to be added as a plaintiff, and that the other member of ROS, Steve Grossman, has not approved of ROS joining the suit in any event.

O'Brien and his then wife entered into a franchise agreement with Taco Bell in 1984. The wife's interest was later transferred to O'Brien and the transfer was apparently recognized by Taco Bell. In November 1999, O'Brien and Grossman formed ROS. O'Brien contributed his franchise agreement and other assets as his capital contribution for an 85% interest and Grossman paid in $150,000 as his capital contribution for a 15% interest. ROS apparently distributed $150,000 to O'Brien. The practical effect was that Grossman bought



a 15% interest in the business. O'Brien is a citizen of Delaware, which means he is a non-diverse party, and apparently Grossman is a citizen of Delaware as well. O'Brien remains the signatory on the franchise agreement with Taco Bell.

If O'Brien had been diverse from the defendants and had sold his interest to a non-diverse party after the suit had been removed, a federal court would not lose jurisdiction because of the subsequent sale. Freeport-McMoRan Inc. v. K N Energy, 498 U.S. 426 (1991). But that is not the scenario here. It is clear that O'Brien seeks to assert rights as a Taco Bell franchisee on the basis that the franchise agreement is between him and Taco Bell. Defendants contend, not unreasonably, that the real franchisee now is ROS. And O'Brien (and Grossman) respond that they are prepared to add ROS, or substitute ROS if they are required to do so, although they do not believe that is necessary.

What we have, then, is a claim by a non-diverse franchisee with a dispute over whether it should be prosecuted by named party O'Brien or non-party ROS. Defendants can prevail on their opposition to remand only if they obtain the dismissal of O'Brien and avoid the substitution of ROS (as well as prevail on other issues). No court has determined who is the real party in interest. If it is determined that ROS is the proper plaintiff, then federal law, at least, would permit a reasonable time for substitution, which would "have the same effect as if the action had been commenced in the name of the real party in interest." Fed.R.Civ.P. 17(a). Who is the real party in interest is a state law issue and we leave it to the state court. It is enough to conclude that the franchisee claim must be prosecuted by a non-diverse party and therefore this court lacks subject matter jurisdiction. It is perhaps unfortunate, in the context of occurrences having national implications in which the resulting claims have largely

been centralized in this court, that a significant portion of those disputes will be adjudicated elsewhere. But we cannot exercise jurisdiction when none exists. The motion for reconsideration of the remand order is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 6, 2002.